48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Abdul Q. Abdullah MUHAMMAD, Plaintiff,[1]
v.
Gary D. MAYNARD, Warden, Director, Oklahoma Dept. of
Corrections; Stephen Kaiser, Warden, Lexington Correctional
Center; Jerry Johnson, Deputy Director Designee for the
Director, Programs & Services, Oklahoma Department of
Corrections, Defendants-Appellees.
Isa Abdullah Ramadan SHABAZZ, Movant in Intervention--Appellant.
Isa Abdullah R. SHABAZZ, Plaintiff-Appellant,
v.
Jerry JOHNSON, Deputy Director; Stephen Kaiser, Warden,
Defendants-Appellees.
 Nos. 91-6379, 92-6018.
(W.D. Okla.) No. 92-6018
 United States Court of Appeals, Tenth Circuit.
 March 2, 1995.
 
 ORDER AND JUDGMENT[2]
 Before HOLLOWAY and McKAY, Circuit Judges, and BELOT,[3] District Judge.
 HOLLOWAY, Circuit Judge.
 
 
 1
 After examining the appellate record, the Attorney General's motion to dismiss, a "Traverse Reply To Motion To Dismiss Isa Abdullah Ramadan Shabazz's Appeal," and related papers, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R.34.1.9. These causes are therefore ordered submitted without oral argument.
 
 
 2
 These two appeals were previously consolidated by the court. Both appeals relate to the "grooming code" policy of the Oklahoma Department of Corrections (DOC) for male inmates, and both involve challenges to the grooming code as an infringement on the inmate's right of freedom of religion, inter alia.
 
 
 3
 No. 92-6018. Plaintiff Shabazz appeals from the denial of a motion for a temporary restraining order and preliminary injunction. This is one of several appeals arising from the same district court case which initially did not involve any issue regarding the grooming code. In his first appeals, Nos. 91-6005 and 91-6054, decided in an order and judgment of October 3, 1991, plaintiff Shabazz obtained reversal of a final order dismissing his civil rights action.
 
 
 4
 After remand of those appeals, the grooming code first figured in this litigation when plaintiff Shabazz moved for injunctive relief to prevent defendants from requiring him to cut his hair or shave his beard, asserting allegations that the DOC's then recently revised grooming code infringed his rights of religious freedom. (In the fall of 1991, the DOC had revised the grooming code to eliminate any exemptions based on religious beliefs, but by January 1992 the exemptions had been restored. See Longstreth v. Maynard, 961 F.2d 895, 899-900 & n. 5 (10th Cir.1992).) The district court referred the matter to a magistrate judge for a report and recommendation. The magistrate judge recommended denial of plaintiff's motion and the district court denied the motion in an order entered on December 30, 1991. That order is the subject of this appeal in No. 92-6018.
 
 
 5
 We ordered this appeal abated pending determination of other appeals challenging the grooming code. In Longstreth v. Maynard, supra, we resolved three separate appeals and remanded the cases for further proceedings. We noted there that the DOC had adopted a new grooming code as of January 14, 1992, which revived the previous policy of allowing exemptions in specific cases based on religious objections to requirements of cutting of the hair or shaving. 961 F.2d at 899-900 & n. 5.
 
 
 6
 In light of the January 14, 1992 revision to the grooming code after the decision in Longstreth we ordered the parties to file memoranda regarding whether they wished to prosecute this appeal further and, if so, what proceedings and dispositions were requested. Shabazz in response asked for consolidation of this appeal with No. 91-6379, discussed infra, and for appointment of counsel, but he did not specifically state his views on the impact of the revision on his objectives in this appeal. Appellees responded suggesting that the controversy had become moot because of the revision.
 
 
 7
 Meanwhile because the instant appeal in No. 92-6018 had been from an interlocutory order denying injunctive relief, proceedings continued in the district court on plaintiff's claims. A summary judgment on the merits was entered in favor of defendants and plaintiff again appealed. In No. 93-6179, decided in an order and judgment of December 2, 1993, this court affirmed in substantial part the district court's judgment adverse to plaintiff, reversing and remanding only as to a single claim that prison officials were refusing to recognize plaintiff's Islamic name. Significantly in No. 93-6179 we affirmed summary judgment in favor of defendants on the grooming code issues, based on the fact that plaintiff Shabazz had been granted an exemption under the grooming code as revised in January 1992.
 
 
 8
 From this recitation, it is apparent that the issues raised in No. 92-6018 are now moot. Accordingly, No. 92-6018 is dismissed as moot.
 
 
 9
 No. 91-6379. In addition to commencing his own action against DOC officials, Shabazz moved to intervene in the district court in an action that had been commenced by Abdul Q. Abdullah Muhammad. Shabazz brought an appeal in No. 91-6379 from the district court's denial of his motion to intervene. One of the grounds on which the district court based its denial of Shabazz's motion was the fact that he had previously brought his own action asserting his rights of religious freedom (citing district court case No. 90-429, the subject of appeal No. 92-6018 and other appeals discussed supra ). We agree with the district court that intervention was not warranted under the circumstances and in No. 91-6379, we affirm the denial of intervention.
 
 
 10
 In sum, we DISMISS as moot No. 92-6018 and AFFIRM the order of the district court in No. 91-6379. The mandate shall issue forthwith.
 
 
 
 [1]
 We list plaintiff Muhammad because of his effort to file a brief in this court. However, he filed no timely notice of appeal from the district court's order dismissing his civil rights action and we have no appellate jurisdiction of any proceeding on behalf of Muhammad
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation